IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHERALLY HASKIN | } |
| Plaintiff | } |
| v. | } CIVIL ACTION NO. H-04-4763 |
| EAGLE ACADEMIES OF TEXAS, et al. | } |
| Defendant | } |

## MEMORANDUM AND ORDER

Before the court is a motion for summary judgment brought by the Defendants Alan Wimberly, Jon Froelich, John Erik Nichols, Keisha Binder, and Linda Emesih (the Individual Defendants) against the Plaintiff, Sherally Haskin (Haskin).  Doc. 35.  Haskin responded by filing a Motion to Quash.  Doc. 39. The Motion to Quash is properly treated as a response to the Motion for Summary Judgment and will be treated as such.

The Defendants' motion is GRANTED.  Doc. 35.

Haskin also sought leave to amend her complaint to add Philadelphia Insurance Company and the Planagement Group as defendants.  The motion to amend is GRANTED.  Doc. 24.

Haskin filed suit against Eagle Academies of Texas as well as the Individual Defendants for defamation and discrimination on the basis of Title VII of the Civil Rights Act of 1964 (42 U.S.C.§ 2000e, *et seq.* and 42 U.S.C. § 1983).  Doc. 1.

Haskin was an administrative assistant at Eagle Academies of Texas until her termination.  She filed a grievance concerning discrimination, but not defamation, with the administration of Eagle Academies of Texas on August 16, 2004.  Her grievance was denied.

However, she did not appeal the denial of her grievance to the next level, the trustees of Eagle Academies of Texas.

I.      **Eagle Academies of Texas has not been served.**

Eagle Academies of Texas has not been served.  Haskin apparently sent a copy of the complaint by Federal Express to Eagle Academies of Texas.  Doc. 3.  Such a method of delivery, however commercially reliable, does not effect service.  See, Fed. R. Civ. P. 4(c), (e), and (h).  When a party has not been served within 120 days of the filing of a complaint, "the court, upon motion … shall dismiss the action without prejudice."  Fed. R. Civ. P. 4(m).  In this case, the individual defendants have moved to dismiss the case against Eagle Academies of Texas and Haskin has presented the court with evidence only that someone accepted delivery of a Federal Express package.  Doc. 39, Exh. 1 at 7-8.

II.     **Haskin failed to exhaust her administrative remedies regarding claims brought under State law against the Individual Defendants**

Although Haskin filed one grievance protesting her treatment, "Texas requires that an aggrieved party must first exhaust all remedies provided under the statutory administrative scheme if the subject matter: (1) concerns the administration of school laws, and (2) involves questions of fact."  *Jones v. Dallas Independent School Dist.,* 872 S.W.2d 294, 296 (Tex.App.-Dallas, 1994, writ denied) (citations omitted).  Under Texas law, "[a]n aggrieved party is not required to exhaust administrative remedies when only a question of law exists or when … The exhaustion of administrative remedies will cause irreparable injury, or administrative remedies are inadequate… An administrative agency acts without authority [or] A plaintiff raises Title 42 or constitutional claims."  *Id.* at 296 (citations omitted).

In this case, Haskins complained about the treatment that she received at her place of employment, a school.  No evidence in the record suggests that her dispute fits into any of the categories that would allow her to file suit without exhausting administrative remedies.

Instead, she contests how Eagle Academies of Texas treated her within the scope of her employment there, an issue concerning the administration of school laws. She also raises factual issues since the Individual Defendants deny her allegations. Accordingly, Texas law required her to exhaust administrative remedies. Thus, no matter how nefariously or even conspiratorially Haskin believes the Individual Defendants behaved, she failed to submit a grievance relating to defamation, and she failed to appeal what grievances she did file with the trustees. Accordingly, she may not pursue her claims for defamation, and they are dismissed.

### III. Haskin may not pursue her claims under federal law against the Individual Defendants.

Haskin filed suit under Title VII against the Individual Defendants. However, "title VII does not permit the imposition of liability upon individuals unless they meet title VII's definition of 'employer.'" *Grant v. Lone Star Co.,* 21 F.3d 649, 653 (5th Cir. 1994). An "employer" includes any "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks...." 42 U.S.C. § 2000e(b). No evidence in the record suggests that any of the Individual Defendants acted as Haskin's employers, rather than merely her supervisors. Accordingly, she may not pursue her federal claims against the Individual Defendants and they are dismissed.

No part of Haskin's response explains how any the Individual Defendants acted under color of state law as required by 42 U.S.C. § 1983. They appear to have been merely employees of a private school.

### IV. Haskin may amend her complaint.

Haskin asks to amend her complaint to add two defendants. District Courts must grant leave to amend freely. Fed. R. Civ. P. 15(a). Therefore, Haskin may amend her complaint, but her claims against any additional defendants will be subject to the same standards and defenses as her claims against the current defendants.

Accordingly, it is hereby **ORDERED,** that:

1. All claims against the Individual Defendants, Alan Wimberly, Jon Froelich, John Erik Nichols, Keisha Binder, and Linda Emesih, are dismissed WITH prejudice and they are TERMINATED as parties.  Doc. 35.

1. All claims against Eagle Academies of Texas are dismissed WITHOUT prejudice and it is TERMINATED as a party.  Doc. 35.

2. Sherally Haskin's motion to amend is GRANTED.  Doc. 24.

3. Sherally Haskin may file an amended complaint adding Philadelphia Insurance Company and the Planagement Group as defendants no later than 5:00 p.m. on May 1, 2006.

4. Before July 1, 2006, Sherally Haskin shall file proof of service on any defendant added or this case shall be dismissed and the case closed.

5. All current case settings are terminated and the case shall be referred to Magistrate Judge Stacy for a scheduling conference upon the filing of proofs of service against any additional defendants.

6. All currently pending motions are TERMINATED.

**SIGNED** at Houston, Texas, this 8th day of March, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE